NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO ARMANDO OBREGON,

Plaintiff - Appellant,

v.

MARK NAPIER; LAURA CONOVER;
CHRIS NANOS; BRISENO, Unknown;
REYNOLDS, Unknown,

Defendants - Appellees.

No. 24-350

D.C. No. 4:22-cv-00074-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Arizona state prisoner Mario Armando Obregon appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging Fourteenth Amendment violations arising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Obregon failed to exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit and describing limited circumstances under which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (stating that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Obregon's motion to set aside the judgment because Obregon failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for a motion under Fed. R. Civ P. 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**